IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS
JUN - 1 2005
JAMES W. McCORMACK, CLERK
DEP CLERK

| | |
|---|---|
| MONSANTO COMPANY ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 2:04CV 00208 JMM |
| vs. ) | |
| ) | |
| JOE KYLE a/k/a JOEY KYLE; ) | |
| BILLY KYLE a/k/a BROTHER KYLE ) | |
| a/k/a BROTHER BILLY KYLE; ) | |
| JOE-CO; ) | |
| J & B AG, INC.; and ) | |
| J & C AG, INC. ) | |
| ) | |
| Defendants. ) | |

## FIRST AMENDED ANSWER AND COUNTERCLAIM TO PLAINTIFF'S FIRST AMENDED COMPLAINT AND JURY DEMAND

Now comes Defendants, Joe Kyle a/k/a Joey Kyle, Billy Kyle a/k/a Brother Kyle a/k/a Brother Billy Kyle, Joe-Co, J & B AG, Inc., and J & C AG, Inc. (hereinafter referred to collectively as "Defendants"), by and through their undersigned counsel, and allege as follows:

### THE PLAINTIFF

1. Monsanto is a company organized and existing under the laws of the State of Delaware with its principal place of business in St. Louis, Missouri. It is authorized to do and is doing business in Arkansas and this judicial district.

**ANSWER:** Admitted.

35

## THE DEFENDANTS

2. Defendant Joe Kyle, also known as Joey Kyle, is an individual who has attained the age of majority, is a resident and domiciliary of Woodruff County, Arkansas, and is believed to reside at 15676 Hwy. 269, McCrory, Arkansas 72101.

**ANSWER:** Admitted.

3. Defendant Billy Kyle, also known as Brother Kyle also known as Brother Billy Kyle, is an individual who has attained the age of majority and is a resident and domiciliary of Woodruff County, Arkansas.

**ANSWER:** Admitted.

4. Upon information and belief, Joe-Co is a business entity organized and existing under the laws of the State of Arkansas with its principal place of business in Woodruff County, Arkansas.

**ANSWER:** Defendants states that Joe-Co is a business name and has no formal structure. Thus, it is denied that Joe-Co is a "business entity."

5. Defendant J & B AG, Inc. is a business entity organized and existing under the laws of the State of Arkansas with its principal place of business in Woodruff County, Arkansas. According to the Arkansas Secretary of State, J & B AG, Inc.'s registered agent is Joe Kyle, 15676 Hwy. 269, McCrory, Arkansas 72101.

**ANSWER:** Admitted.

6. Defendant J & C AG, Inc. is a business entity organized and existing under the laws of the State of Arkansas with its principal place of business in Woodruff County, Arkansas. According to the Arkansas Secretary of State, J & C AG, Inc.'s registered agent is Joe Kyle, 15676 Hwy. 269, McCrory, Arkansas 72101.

**ANSWER:** Admitted.

## JURISDICTION AND VENUE

7. Subject matter jurisdiction is conferred upon this Court pursuant to 28 U.S.C. § 1331, in that one or more of Monsanto's claims arise under the laws of the United States, as well as 28 U.S.C. § 1338, granting district courts original jurisdiction over any civil action regarding patents.

**ANSWER:** Admitted, except that it is denied that the plaintiff has any claim against the defendants.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1400 as the defendants reside in this judicial district and a substantial number of the events giving rise to Monsanto's claims of patent infringement occurred with this judicial district.

**ANSWER:** Admitted, except that it is denied that the plaintiff has any claim against the defendants.

## GENERAL ALLEGATIONS

9. Monsanto is in the business of developing, manufacturing, licensing and selling agricultural biotechnology, agricultural chemicals and other agricultural products. After the investment of substantial time, expense and expertise, Monsanto developed a plant biotechnology that involves the transfer of a gene into crop seed that causes the plant to be resistant to glyphosate-based herbicides such as Roundup Ultra ®[1] Roundup UltraMAX®[2], RoundupWeatherMAX®[3], and Touchdown®[4].

**ANSWER:** Defendants are without sufficient information to admit or deny the allegations and therefore deny them.

10. This new biotechnology has been utilized by Monsanto in soybeans. The genetically improved soybeans are marketed by Monsanto as Roundup Ready®[5] soybeans.

**ANSWER:** Defendants are without sufficient knowledge to admit or deny the allegations and therefore deny them. It is, however, admitted that Roundup Ready® soybeans are marketed, in part, by Monsanto.

11. The Roundup® family of herbicides are non-selective, glyphosate-based herbicides manufactured by Monsanto, which will cause severe injury or death to soybean varieties that do not contain the Roundup Ready® technology.

---

[1] Roundup Ultra® is a registered trademark of Monsanto Company.
[2] Roundup UltraMAX® is a registered trademark of Monsanto Company.
[3] Roundup WeatherMAX® is a registered trademark of Monsanto Company.
[4] Touchdown® is a registered trademark of Syngenta.
[5] Roundup Ready® is a registered trademark of Monsanto Company.

4

**ANSWER:** Defendants are without sufficient knowledge to admit or deny the allegations and therefore deny them. It is, however, admitted that Roundup Ready® may cause severe injury or death to soybean varieties that are not Roundup Ready®.

12. Monsanto's Roundup Ready® seed technology is protected under United States Patent Number 5,352,605, which is attached hereto as Exhibit "A". The 5,352,605 patent was issued and assigned to Monsanto prior to the events giving rise to this action.

**ANSWER:** Defendants are without sufficient knowledge to admit or deny the allegations and therefore deny them.

13. Since the Roundup Ready® technology was commercially introduced, Monsanto has labeled all bags of Roundup Ready® soybeans sold in the United States with the required statutory notice that its Roundup Ready® technology was patented. In particular, each bag of Roundup Ready® soybean seed sold in the United States and has been marked with notice of United States Patent Number 5,352,605.

**ANSWER:** Defendants are without sufficient knowledge to admit or deny the allegations and therefore deny them.

14. Monsanto licenses the use of Roundup Ready® seed technology to soybean producers at the retail marketing level through a limited use license commonly referred to as a Technology Agreement, or a limited use invoice license.

**ANSWER:** Defendants are without sufficient knowledge to admit or deny the allegations and therefore deny them.

15. Among other things, the express terms of the limited use license prohibits licenses from saving harvested Roundup Ready® soybeans for planting purposes, or from selling, transferring or supplying saved Roundup Ready® soybeans to others for planting. The use of the seed is limited to the production of a single commercial crop.

**ANSWER:** Defendants are without sufficient knowledge to admit or deny the allegations and therefore deny them.

16. Monsanto does not authorize the planting of saved (commonly referred to as bin run and/or brown bag) Roundup Ready® soybeans.

**ANSWER:** Defendants are without sufficient knowledge to admit or deny the allegations and therefore deny them.

17. Defendants, individually and/or on behalf of one another, farm land in Woodruff County, Arkansas, upon which they produce soybeans.

**ANSWER:** Separate Defendant Joe Kyle, a/k/a Joey Kyle, admits such allegations. It is likewise admitted that in connection with his farming activities in

6

Woodruff County, Arkansas, that separate defendant, Joe Kyle, uses the business name of Joe-Co. The remaining defendants deny the allegations of paragraph 17 of the plaintiff's First Amended Complaint and Jury Demand.

18. Defendants, individually and/or on behalf of one another, planted Roundup Ready® soybeans in the 2004 growing season.

**ANSWER:** Separate Defendant Joe Kyle and on behalf of Joe-Co admit that during the 2004 growing season he lawfully planted some Roundup Ready® soybeans. The remaining defendants deny such allegations.

19. In late summer of 2004, Monsanto requested information from Joe Kyle about defendants' 2004 soybean farming operations, and particularly concerning their use of Roundup Ready® soybeans. The information sought included the number of acres planted, the source of the soybean seed planted, and the defendants' permission to inspect their 2004 soybean fields.

**ANSWER:** Separate defendant Joe Kyle and on behalf of Joe-Co admit that in the springtime and summer of 2004, a private investigator requested certain information from him about his farming practices as is alleged. The remaining defendants deny such allegations.

20. The purpose of asking defendants for this information was to determine the extent of their use of Roundup Ready® soybeans and to ascertain whether they had planted saved Roundup Ready® soybeans. This information can

only be obtained from the grower and by an inspection and sampling of the growers' fields.

**ANSWER:** Defendants are without sufficient knowledge to admit or deny the allegations and therefore deny them.

21. Joe Kyle admitted that he had planted Roundup Ready® soybeans, but he refused to provide any information to Monsanto about defendants' 2004 soybean farming operations.

**ANSWER:** Separate Defendant Joe Kyle and on behalf of Joe-Co admit such allegations. The remaining defendants deny such allegations.

22. Upon information and belief, the defendants have planted and used saved Roundup Ready® soybean seed during 2004 in contravention of Monsanto's patent rights.

**ANSWER:** Defendants are without sufficient knowledge to admit or deny the allegations and therefore deny them.

23. Upon information and belief, the defendants have knowingly, willfully and intentionally planted and used saved Roundup Ready® soybeans without authorization from Monsanto in violation of Monsanto's patent rights.

**ANSWER:** Defendants are without sufficient knowledge to admit or deny the allegations and therefore deny them.

## COUNT I—PATENT INFRINGEMENT—PATENT NO. 5,352,605

24. Each and every allegation set forth in the above-numbered paragraphs is hereby incorporated by reference just as if it were explicitly set forth hereunder.

**ANSWER:** A response is not required for this paragraph.

25. On October 4, 1994, United States Patent Number 5,352,605 was duly and legally issued to Monsanto for an invention in Chimeric Genes for Transforming Plant Cells Using Viral Promoters, and since that date, Monsanto has been the owner of this patent. This invention is in the fields of genetic engineering and plant biology.

**ANSWER:** Defendants are without sufficient knowledge to admit or deny the allegations and therefore deny them.

26. Monsanto placed the required statutory notice that its Roundup Ready® technology was protected by United States Patent Number 5,352,605 on the labeling of all bags containing Roundup Ready® soybean seed in compliance with 35 U.S.C. § 287.

**ANSWER:** Defendants are without sufficient knowledge to admit or deny the allegations and therefore deny them.

27. Defendants' conduct, as set forth above, constitutes the unauthorized use of a patented invention with the United States during the term of Patent Number 5,352,605, all in violation of 35 U.S.C. § 271. Accordingly, Monsanto has a right of civil action against the defendants pursuant to 35 U.S.C. § 281.

9

**ANSWER:** Defendants are without sufficient knowledge to admit or deny the allegations and therefore deny them.

28. Upon information and belief, the defendants have and may be continuing to infringe Monsanto's patent by making, using, offering for sale, selling, or otherwise transferring Roundup Ready® soybean seed embodying the patented invention without authorization from Monsanto, and will continue to do so unless enjoined by this court.

**ANSWER:** Defendants are without sufficient knowledge to admit or deny the allegations and therefore deny them.

29. Pursuant to 35 U.S.C. § 283, Monsanto is entitled to injunctive relief in accordance with the principles of equity to prevent the infringement of rights secured by its patents.

**ANSWER:** Defendants are without sufficient knowledge to admit or deny the allegations and therefore deny them.

30. Pursuant to 35 U.S.C. § 284, Monsanto is entitled to damages adequate to compensate for the infringement, although in no event less than a reasonable royalty, together with interest and costs to be taxed to the infringer. Further, damages should be trebled pursuant to 35 U.S.C. § 284 in light of the defendants' knowing, willful, conscious, and deliberate infringement of the patent rights at issue.

**ANSWER:** Defendants are without sufficient knowledge to admit or deny the allegations and therefore deny them.

31. The infringing activity of the defendants brings this cause within the ambit of the exceptional case contemplated by 35 U.S.C. § 285, thus Monsanto requests the award of reasonable attorneys fees and costs.

**ANSWER:** Defendants are without sufficient knowledge to admit or deny the allegations and therefore deny them.

## COUNT II—PIERCING THE CORPORATE VEIL

32. Each and every material allegation set forth in the above-numbered paragraphs is hereby incorporated by reference just as if it were explicitly set forth hereunder.

**ANSWER:** A response is not required for this paragraph.

33. Upon information and belief, J & B AG, Inc. and J & C AG, Inc. are mere alter egos of Joe Kyle and/or Billy Kyle.

**ANSWER:** Defendants are without sufficient knowledge to admit or deny the allegations and therefore deny them.

34. Upon information and belief, Joe Kyle and/or Billy Kyle exercise complete domination and control over J & B AG, Inc. and J & C AG, Inc. to the point that those corporations have no mind, will, or existence separate and apart from Joe Kyle and/or Billy Kyle.

**ANSWER:** Defendants are without sufficient knowledge to admit or deny the allegations and therefore deny them.

35. Upon information and belief, Joe Kyle and/or Billy Kyle have failed to provide sufficient capitalization for J & B AG, Inc. and J & C AG, Inc. and maintain the corporate forms of said corporations. As a result of this undercapitalization, the assets of J & B AG, Inc. and J & C AG, Inc. are inadequate to respond to Monsanto's demands arising from its claims of patent infringement.

**ANSWER:** Defendants are without sufficient knowledge to admit or deny the allegations and therefore deny them.

36. Joe Kyle, Billy Kyle, Joe-Co, J & B AG, Inc. and J & C AG, Inc. are jointly and severally liable to Monsanto for their infringement of U.S. Patent No. 5,352,605.

**ANSWER:** Defendants are without sufficient knowledge to admit or deny the allegations and therefore deny them.

37. Monsanto demands trial by jury.

**ANSWER:** These defendants demands a trial by jury.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Defendants received express legal authority from an authorized representative of Plaintiff to plant Roundup Ready seed, if any such seed was planted.

## SECOND AFFIRMATIVE DEFENSE

The Defendants have not infringed any valid claim of U.S. Patent No. 5,352,605 ("'605 Patent"). Plaintiff has not identified with particularity which claim of the '605 Patent has been infringed, if any.

## THIRD AFFIRMATIVE DEFENSE

The '605 Patent is invalid by virtue of Plaintiff's conduct, either before, during, or following the prosecution of the application which matured into the '605 Patent.

## FOURTH AFFIRMATIVE DEFENSE

The '605 Patent is invalid for failure to comply with the requirements of 35 U.S.C. §§ 102, 103 and/or 112.

## FIFTH AFFIRMATIVE DEFENSE

The '605 Patent is unenforceable under the doctrine of patent misuse and/or unclean hands due to Plaintiff's conduct as stated, in part, herein and in the counterclaims.

**WHEREFORE**, Defendants respectfully request entry of a judgment:

i. Dismissing Monsanto's claims with prejudice;

ii. Awarding Defendants their costs incurred in connection with this action;

iii. Declaring this case to be exceptional and awarding Defendants their reasonable attorneys' fee incurred in connection with this action under Section 285 of Title 35, United States Code; and

iv.  Granting such other and further relief to Defendants as the Court deems just and proper.

## COUNTERCLAIM

Defendants-Counterplaintiffs, Joe Kyle, Billy Kyle, Joe-Co, J & B AG, Inc. and J & C AG, Inc, ("Counterplaintiffs") by their undersigned counsel, for their counterclaim against Plaintiff-Counterdefendant Monsanto Company ("Counterdefendant"), allege as follows:

38. Monsanto Company is a party properly before this Court by virtue of filing the instant lawsuit against the Defendants-Counterplaintiffs.

39. Joe Kyle also known as Joey Kyle is a resident of the State of Arkansas.

40. Billy Kyle also known as Brother Kyle also known as Brother Billy Kyle is a resident of the State of Arkansas.

41. Joe-Co is a business name used by Separate Defendant Joe Kyle in connection with farm activities in Woodruff County, Arkansas.

42. J & B AG, Inc. is a lawful business entity organized and existing under the laws of the State of Arkansas with its principal place of business in Woodruff County, Arkansas.

43. Defendant J & C AG, Inc. is a lawful business entity organized and existing under the laws of the State of Arkansas with its principal place of business in Woodruff County, Arkansas

44. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201 and 2202.

45. This is an action for declaratory judgment pursuant to 28 U.S.C. § 2201 relating to a controversy between the parties arising from Plaintiff's unspecified claim of patent infringement.

46. Venue is properly laid in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c) and 1400(a).

47. Counterdefendant has threatened lawsuit, and has indeed filed a lawsuit against Counterplaintiffs for violation of a U.S. Patent 5,352,605.

48. Counterplaintiffs maintain they do not infringe such patent.

49. Counterplaintiffs seek a declaration that the foregoing patent is unenforceable by virtue of patent misuse.

50. Counterplaintiffs seek a declaration that the foregoing patent has no claims on which Counterplaintiffs infringe.

51. Counterplaintiffs seek a declaration that portions of the "Monsanto Technology Agreement" are void, have no lawful consideration, and against public policy.

52. Counterplaintiffs demand trial by jury.

## PRAYER FOR RELIEF

**WHEREFORE**, Counterplaintiffs pray for the following relief:

i. That this Court declare U.S. Patent No. 5,352,605 invalid and/or not infringed; and

ii. That the Counterplaintiffs be awarded such other and different relief as the Court deems just and proper.

Dated: May 31, 2005.

_____
John Everett
EVERETT LAW FIRM
1944 East Joyce Boulevard
P.O. Box 8370
Fayetteville, AR 72703-8370
(479) 443-0292 Telephone
(479) 443-0564 Facsimile

*and*

Mark Murphey Henry
Nathan Price Chaney
Michael Sean Brister
204 South East Avenue
Fayetteville, Arkansas 72701
(479) 695-1330 Telephone
(479) 695-1332 Facsimile

16

## CERTIFICATE OF SERVICE

I certify that I sent the foregoing document via first class mail to the following counsel of record, on May 31 2005, with sufficient postage to ensure delivery thereof, at the following address:

John K. Baker
MITCHELL, WILLIAMS, SELIG,
GATES & WOODYWARD, PLLC
425 W. Capitol Avenue
Suite 1800
Little Rock, AR 72201
(501) 688-8800

Miles P. Clements, T.A.
Wayne K. McNeil
Joel E. Cape
Jeffrey A. Masson
FRILOT, PARTRIDGE, KOHNKE & CLEMENTS, LC
3600 Energy Centre
1100 Poydras Street
New Orleans, LA 70163-3600
(504) 599-8000

*Attorneys for Monsanto Company*

John Everett