IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION

MONSANTO COMPANY                                                                PLAINTIFF

V.                                      NO. 2:04CV00208

LENNY JOE KYLE a/k/a JOE KYLE
a/k/a JOEY KYLE, BILLY KYLE
a/k/a BROTHER KYLE a/k/a
BROTHER BILLY KYLE, and
JOE-CO                                                                                       DEFENDANTS

## ORDER

Pending is Plaintiff's motion to disqualify Defendants' counsel, docket # 43. Defendants have responded, docket # 51; Plaintiff has filed a reply, docket # 52 and Defendants have filed a sur-reply, docket # 59. The Court has carefully reviewed the filings and finds that Plaintiff's motion should be, and hereby is, DENIED.

Plaintiff seeks to disqualify attorneys Mark Murphey Henry, M. Sean Brister and Nathan P. Chaney because Mr. Henry's former partner, Cecil Duff Nolan, performed legal services for Monsanto in the past. Plaintiff argues that Mr. Henry is currently a member of Nolan Henry, PLLC, an Arkansas professional limited liability company engaged in the practice of law and thus remains in the practice of law with attorney Nolan. Plaintiff contends that Nolan represented Monsanto in connection with legal matters from the early 1990s through at least May, 2003. Specifically, Plaintiff claims that Nolan represented Monsanto in a matter which is substantially similar to this case. Plaintiff argues that pursuant to Rule 1.9 and 1.10(a) of the Model Rules of Professional Conduct, Mr. Henry and those attorneys associated with him should be disqualified.

Mr. Henry has presented the Court with evidence demonstrating that he is no longer associated with Nolan Henry, PLLC or attorney Nolan. Mr. Henry has attached as an exhibit to his sur-reply a dissolution agreement of Nolan Henry, PLLC in which he and Nolan agreed to the dissolution of their partnership effective April 22, 2005. Mr. Henry entered his appearance in this case on May 3, 2005.

Because Nolan is no longer associated with Mr. Henry, the Court finds that Rules 1.9(b) and 1.10(b) of the Model Rules of Professional Conduct are applicable to Plaintiff's motion to disqualify. Rule 1.9(b) provides:

> (b) A lawyer shall not knowingly represent a person in the same or a substantially related matter in which a firm with which the lawyer formerly was associated had previously represented a client:
>
> (1) whose interests are materially adverse to that person; and
>
> (2) about whom the lawyer had acquired information protected by Rules 1.6 and 1.9(c) that is material to the matter; unless the former client consents after consultation.

Rules of Prof. Conduct, Rule 1.9. Rule 1.10(b) provides:

> (b) When a lawyer has terminated an association with a firm, the firm is not prohibited from thereafter representing a person with interests materially adverse to those of a client represented by the formerly associated lawyer and not currently represented by the firm, unless:
>
> (1) the matter is the same or substantially related to that in which the formerly associated lawyer represented the client; and
>
> (2) any lawyer remaining in the firm has information protected by Rules 1.6 and 1.9(c) that is material to the matter.

Rules of Prof. Conduct, Rule 1.10.

For purposes of the Court's analysis, the Court will accept, but will not find, that Nolan

2

represented Monsanto on matters which are substantially related to this litigation during the time he was associated with Nolan Henry, PLLC. However, in order for the Court to disqualify Mr. Henry and his associates, the Court would also be required to find that Mr. Henry or his associates have "information protected by Rules 1.6 and 1.9(c) that is material to the matter."

In examining the issue of disqualification, the Arkansas Supreme Court has stated:

> In applying these rules of conduct to a particular situation, we must do so with caution when considering disqualification of counsel. Disqualification is an absolutely necessary measure to protect and preserve the integrity of the attorney-client relationship; yet it is a drastic measure to be imposed only where clearly required by the circumstances. We must never forget that a disqualification, though aimed at protecting the soundness of the attorney-client relationship, also interferes with, or perhaps destroys, a voluntary relationship by depriving a litigant of counsel of his own choosing-- oftentimes affecting associations of long standing. The role of the court is to balance the current client's right to counsel of choice with the former client's right to protection of confidences transmitted, or likely to have been acquired, during the prior representation.

*Burnette v. Morgan,* 303 Ark. 150, 155, 794 S.W.2d 145,147 - 148 (1990). In *Burnette*, the Court recognized a rebuttable presumption which is created by the former association. The Court stated that "all inferences, presumptions, and deduction should be considered in resolving the question of disqualification. When disqualification is sought, the burden of proving not only a lack of knowledge but also a lack of access to information should rest with the challenged attorney alleged to be disqualified." *Id*. 794 S.W.2d at 149.

The Supreme Court has restated the presumptions applicable to this analysis in *Norman v. Norman*, 334 Ark. 225, 970 S.W.2d 270(1998) wherein the Court stated:

> In such an inquiry, two presumptions are applicable: (1) the attorney is presumed to have all the confidential knowledge that any member of the first firm possessed; and (2) the attorney is presumed, despite Rule 1.6, to share that knowledge with all members of the second firm. Howard W. Brill, *Arkansas Professional and Judicial Ethics* 73 (3d ed.1994). The first presumption is

3

rebuttable, and the burden is on the second firm to rebut the presumption. The second is not rebuttable, and the court will not erect a Chinese wall or employ other institutional barriers to overcome the presumption. *Id.*

*Norman v. Norman,* 334 Ark. 225, 653, 970 S.W.2d 270, 274 (1998).

Thus, the Court finds that a rebuttable presumption exists that Mr. Henry and his associates have all the confidential knowledge which Nolan possessed. If Mr.Henry and his associates are unable to rebut this presumption, an irrebuttable presumption will arise that these attorneys have shared this knowledge with current members of their firm.

The Court finds that Henry and his associates have presented sufficient evidence to rebut the presumption that they share confidential knowledge which was held by Nolan. Henry, Brister and Chaney have each presented the Court with affidavits denying that they possess confidential or prohibited information. Additionally, they have presented evidence demonstrating that they lacked access to such information. Specifically, the Nolan Henry firm operated from two different locations separated by three hundred miles, maintained separate computer systems, separate file storage systems and separate phone systems.

The Court finds that Henry, Brister and Chaney have presented sufficient evidence to establish that they do not have any information protected by Rules 1.6 and 1.9(c) that is material to this matter. Accordingly, Plaintiff's motion to disqualify is denied.

IT IS TO ORDERED this 25th day of July, 2005.

_____
James M. Moody
United States District Judge