**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**HELENA DIVISION**

**MONSANTO COMPANY**                                                                    **PLAINTIFF**

**V.**                              **NO.  2:04CV00208**

**LENNY JOE KYLE a/k/a JOE KYLE**
**a/k/a JOEY KYLE, BILLY KYLE**
**a/k/a BROTHER KYLE a/k/a**
**BROTHER BILLY KYLE, and**
**JOE-CO**                                                                                          **DEFENDANTS**

## ORDER

Pending is the Plaintiffs' motion for sanctions for the destruction of evidence, docket # 102. Plaintiffs claim that despite being given notice of Monsanto's intention to preserve evidence through inspection and sampling of soybean fields, Defendants systematically and intentionally tilled each of their soybean fields in order to destroy the soybean residue from their 2004 soybean crop. Defendants claim that they were carrying on with their usual and customary farming practices and were not acting in bad faith or in an effort to destroy evidence by stubble rolling or disking their fields following the 2004 harvest. More specifically, Defendants deny that any field work was done after the Court's Order dated January 6, 2005 which prohibited Defendants from conducting tillage operations until after the sampling and testing was completed.

A district court is vested with discretion to impose sanctions upon a party under its inherent disciplinary power. However, "[t]here is a strong policy favoring a trial on the merits and against depriving a party of his day in court." *Baker v. General Motors Corp.*, 86 F.3d 811, 817 (8th Cir.1996) *rev'd on other grounds*, 522 U.S. 222 (1998). The most severe sanctions,

such as requested here, are often reserved for wilful or bad faith violations of court orders. *Id., see also, Bass v. General Motors Corp.*,150 F.3d 842, 851 (8th Cir. 1998).

Based upon the evidence presented, the Court cannot find that the actions of the Defendants were wilful or deliberate, nor were their actions in violation of an order of this Court. Further, based upon the fact that Plaintiffs were able to conduct testing sufficient to support their motion for partial summary judgment, the Court cannot find that they have been prejudiced. Accordingly, Plaintiffs' motion for sanctions is denied.

IT IS SO ORDERED this 23rd day of May, 2007.


James M. Moody
United States District Judge