## IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF ARKANSAS

**MONSANTO COMPANY and**
**MONSANTO TECHNOLOGY L.L.C.**                              **PLAINTIFFS**

**V.**                          **CASE NO. 2:04-cv-208 JMM**

**JOE KYLE, a/k/a JOEY KYLE,**
**BILLY KYLE a/k/a BROTHER KYLE**
**a/k/a BROTHER BILLY KYLE**
**JOE-CO; J & B AG, INC.; and**
**J & C AG, INC.**                                          **DEFENDANTS**

### BRIEF IN SUPPORT OF MOTION
### TO TRY ACTION IN LITTLE ROCK, ARKANSAS,
### OR ALTERNATIVELY TO TRANSFER VENUE TO THE
### WESTERN DIVISION OF THE EASTERN DISTRICT OF ARKANSAS

Plaintiffs, Monsanto Company and Monsanto Technology, LLC (collectively, "Monsanto"), through undersigned counsel, in support of their Motion Try Action in Little Rock, Arkansas, or Alternatively To Transfer Venue to the Western Division of the Eastern District of Arkansas, submit the following brief:

### INTRODUCTION

Divisional venue in civil cases was repealed by Congress in February 1989. Venue in civil cases is determined with respect only to a judicial district, not any division within a judicial district. *See* 28 U.S.C. § 1391(a) and (b). Since 1988, the Eastern District of Arkansas has not adopted any local rules or issued any general orders respecting divisional venue. Instead, what the Eastern District has maintained since 1988 and what it continues to maintain are four (4) designated "filing offices" for the

convenience of parties and the United States District Court Clerk.  *See* Local Rules 5.5(b) and 77.1

As articulated in greater detail below, this case could have been brought anywhere in the Eastern District.  Likewise, it can be tried anywhere in the Eastern District. Trial in Little Rock is far more convenient to the Court, parties, and witnesses.  As such, trial in this matter should be held in Little Rock.

## ARGUMENT

**A.    The Repeal of 28 U.S.C. § 1393 Abolished Divisional Venue Requirements within the Eastern District of Arkansas.**

28 U.S.C. § 1393, entitled "Divisions; single defendant; defendants in different divisions," prior to its repeal in 1988, provided as follows:

> (a)    Except as otherwise provided, any civil action, not of a local nature, against a single defendant in a district containing more than one division must be brought in the division where he resides.

> (b)    Any such action, against defendants residing in different divisions of the same district or different districts in the same State, may be brought in any of such divisions.

The Committee Note related to the 1988 repeal of 28 U.S.C. § 1393 provided as follows:

> *Section 1001--Divisional Venue in Civil Cases*

> Section 1001(a) would repeal 28 U.S.C. 1393, which presently provides for divisional venue in civil cases. Divisional venue in criminal cases was abolished in 1966 as a result of an amendment to Rule 18 of the Federal Rules of Criminal Procedure.   The rationale for eliminating divisional venue for civil cases is essentially the same that underpinned the change in divisional venue in criminal cases. As noted by the Advisory Committee on Criminal Rules:

> > The former requirement for venue within the division operated in an irrational fashion.  Divisions have been created

in only half of the districts, and the differentiation between those districts which (sic) those without often bears no relationship to comparative size or population.   In many districts a single judge is required to sit in several divisions and only brief and infrequent terms may be held in particular divisions.   As a consequence under the original rule there was often undue delay in the disposition of criminal cases--delay which was particularly serious with respect to defendants who had been unable to secure release on bail pending the holding of the next term of court.   The Judicial Conferences has concluded that the change in division venue for criminal cases has not resulted in adverse consequences to the litigants or to the   fair   and   expeditious   administration   of   justice. Accordingly, the Conference approved the recommendation to eliminate divisional venue for civil cases as well.

Act of Nov. 19, 1988, Pub. L. 100-702, Title X, § 1001(a).   *See also* H.R. Rep. No. 100-889, § 1001, 100th Cong., 2d Sess. (1988).

Since the repeal of 28 U.S.C. § 1393, no divisional requirement has existed under the federal venue statutes.   *See Carr v. Village of Richmond*, 1995 U.S. Dist. LEXIS 2583, at *3 (N.D. Ill. March 3, 1995) ("[T]he court finds persuasive plaintiffs [sic] argument that the repeal of [28] U.S.C. [§] 1393 has abolished the divisional requirements of filing in the occurrence district."); *Bishop v. C & P Trucking Co., Inc.*, 840 F. Supp. 118 (N.D. Ala. 1993) ("When 28 U.S.C. § 1393 was repealed effective February 17, 1989 by Public Law 100-702, the concept of divisional venue disappeared.").   C. Wright, A. Miller & E. Cooper, *Federal Practice & Procedure*, § 3809 (1989 Supp.).   A commentator regarding the repeal, David D. Siegel, similarly wrote that "[s]ection 1393, addressed to only those districts that are broken into divisions[1]

---

[1]      The Eastern District of Arkansas is one such district whose divisions were created by Congress and not merely by local rule or order.   *See* 28 U.S.C. § 83.   Monsanto respectfully

and requiring (among other things) that suit against a defendant be brought in the division of the defendant's residence, has been a troublesome and ineffective statute and was repealed in 1988 as part of the Judicial Improvements and Access to Justice Act." *Id*. at 119.

Nonetheless, Courts appear to be consistent in holding that the repeal of 28 U.S.C. § 1393 did not prohibit district court's from adopting local rules respecting divisional venue, but instead marked Congress view that divisional venue should not be required or dictated. *See, e.g., Bishop, supra.; Moysi v. TrustCorp, Inc.*, 725 F. Supp. 336 (N.D. Ohio 1989). To this issue, it should be noted that, although other United States District Courts have elected to establish divisional venue requirements *via* their general orders or local rules, *see*, *e.g.*, Local Rule 2.1 for the Southern District of Georgia, Local Rule 3.8 of the Northern District of Ohio, and Local Rule 3.2(c)-(e) of the Northern District of California, the Eastern District of Arkansas has not done so. Instead, what the Eastern District has maintained since 1988 and what it continues to maintain are four (4) designated "filing offices" for the convenience of parties and the United States District Court Clerk. *See* Local Rules 5.5(b) and 77.1.

As result of the repeal of 28 U.S.C. § 1393 and the Eastern District of Arkansas's election not to establish divisional venue requirements, the Eastern District of Arkansas has no divisions for purposes of filing or trying cases. And, although this action was filed

---

submits that the Congressional repeal of 28 U.S.C. § 1393 likewise repealed 28 U.S.C. § 83 in all substantive respects. If the Court determines otherwise, Monsanto alternatively requests that Court transfer the action to the Western Division pursuant to 28 U.S.C. §1404(a) for the same reasons articulated in Section B, *infra*.

in the Clerk's filing office of the Eastern Division and its case number was administratively identified with the Eastern Division, for the purposes of venue, this action is not pending in the Eastern Division or any division, but rather it is pending in the Eastern *District* of Arkansas generally.  Indeed, under 28 U.S.C. § 1391, Monsanto could have been filed its suit against the Defendants in any of the divisional offices within the Eastern District.  As such, the Court is freed from any historical vestiges of divisional venue and it enjoys implied authority to trial at any courthouse within the district even without the consent of the parties.   Fed. R. Civ. P. 77(b); *Bishop, supra.*, at 119-120; 14-77 Moore's Federal Practice - Civil § 77.04 ("Rule 77(b) implies that a trial may be held at any courthouse within the district without the parties' consent.").  Because this Court and the Court's staff is based in Little Rock, as well as for the reasons articulated below, trial of this matter should occur in Little Rock.

**B.      The Convenience of the Court, Parties, and Witnesses Would be Furthered and Economical Savings Would be Achieved if the Trial of this Case Occurred in Little Rock.**

Despite this case's administrative connection to the Helena filing office of the Clerk, this case has no link to Helena or any place close to Helena.  Trial should be held in Little Rock because it provides, by far, the most convenient courthouse for the Court, litigants[2], and witnesses.  To wit,

---

[2]      Counsel for Defendants has himself noted the inconvenience that a trial in Helena presents to his client.  *See* p. 2 of January 24, 2006 letter to Court from John C. Everett, attached to Monsanto's Motion as Exhibit "1."

\*      The case has been administered by the Court from its chambers in Little Rock.

\*      The Court's permanent chambers and staff work in Little Rock and maintain their files there.

\*      Monsanto's counsel of record works in Little Rock and maintains its files there.

\*      The Defendants are farmers from Woodruff County, the county seat of which is closer to Little Rock than to Helena-West Helena[3].  *See* Fourth Amended Complaint (Doc. #164) at ¶¶ 3-7; Answer to Fourth Amended Complaint (Doc. # 176) at ¶ 1.

\*      Defendants' counsel of record and anticipated expert witness, Philip Taylor[4], both reside in Fayetteville, Arkansas which is over 100 miles closer to Little Rock than to Helena-West Helena[5].

\*      Monsanto's lead attorneys, from New Orleans, Louisiana, as well as several out-of-state witnesses will require commercial airline service to come to and from trial, and Little Rock, not Helena-West Helena, provides commercial airline service.  These witnesses include Dr. L. Curtis Hannah, who resides in and will be traveling from Florida (*See* Doc. #121, Ex. 2 (Affidavit of Dr. Hannah)), Dr. Randall Brady, who will be traveling from

---

[3]      Monsanto believes it appropriate for the Court to take judicial notice of the difference in geographic distance between Woodruff County's seat of government, Augusta, and Helena-West Helena and Little Rock.  Nonetheless, out of an abundance of caution, Monsanto attaches to its Motion a government-produced Arkansas highway map (and its highway mileage chart) as Exhibit "2."

[4]      *See* cover page and page five (5) of deposition transcript of Taylor, attached collectively to Monsanto's Motion as Exhibit "3."

[5]      Monsanto believes it appropriate for the Court to take judicial notice of the difference in geographic distance between Washington County's seat of government, Fayetteville, and Helena-West Helena and Little Rock.  Nonetheless, out of an abundance of caution, Monsanto attaches to its Motion a government-produced Arkansas highway map (and its highway mileage chart) as Exhibit "2."

Oregon (*See* Doc. # 102, Ex. 3 (Affidavit of Dr. Brady)), and Dr. Vicki Gavrius who resides in and will be traveling from Missouri (*See* Rule 26 Supplemental Disclosures, attached to Monsanto's Motion as Exhibit "4").

\*       Dr. Marvin Hayenga, Monsanto's damages expert, resides in Hot Springs Village, Arkansas which is more than 100 miles closer to Little Rock than to Helena-West Helena[6]. *See* page one (1) of Expert Report of Dr. Hayenga and its Exhibit A, attached collectively to Monsanto's Motion as Exhibit "5."

Apart from the physical convenience and time savings that a trial in Little Rock affords to the Court, parties, and witnesses, there is the raw economic savings. Multiple car rentals, significant mileage reimbursements, and hotel charges for the Court and its staff and undersigned counsel all can be avoided by conducting a trial in Little Rock as opposed to Helena-West Helena.


## CONCLUSION

The Court is no longer bound by divisional venue requirements. Pursuant to FED. R. CIV. P. 77(b) or alternatively pursuant to 28 U.S.C. §1404(a), the Court should order that the trial in this matter take place in Little Rock. To do so is more convenient on the Court, the parties, and the witnesses. To do so also is more economical for the Court, the taxpayers, the parties, and the witnesses.

---

[6]      Monsanto believes the Court can and should take judicial notice of the difference in geographic distance between Garland County's seat of government, Hot Springs, and Helena-West Helena and Little Rock. Nonetheless, out of an abundance of caution, Monsanto attaches to its Motion a government-produced Arkansas highway map (and its highway mileage chart) as Exhibit "2."

Respectfully submitted,

Miles P. Clements, T.A.
Joel E. Cape
Michael R. Phillips
**FRILOT, L.L.C.**
1100 Poydras Street, Suite 3600
New Orleans, LA   70163
(504) 599-8000

AND

*/s/ John K. Baker*
Ark. Bar No. 97024
**MITCHELL, WILLIAMS, SELIG,**
**GATES & WOODYARD, P.L.L.C.**
425 West Capitol Avenue, Suite 1800
Little Rock, AR  72201
(501) 688-8800

**Attorneys for Monsanto Company**
**and Monsanto Technology, L.L.C.**

## CERTIFICATE OF SERVICE

I hereby certify that on October 1, 2007, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which shall send notification of such filing to the following:

- **John C. Everett**  *john@everettfirm.com,thresha@everettfirm.com*

*/s/ John K. Baker*