IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION

**MONSANTO COMPANY and**
**MONSANTO TECHNOLOGY LLC.**                                                **PLAINTIFFS**

V.                                          NO.  2:04CV00208

**JOE KYLE a/k/a JOEY KYLE,**
**BILLY KYLE a/k/a BROTHER KYLE**
**a/k/a BROTHER BILLY KYLE, JOE-CO;**
**J & B AG, INC.; and**
**J & C AG, INC.**                                                              **DEFENDANTS**

## ORDER

Pending is Defendants' motion to stay proceedings.  (Docket # 174).  Plaintiffs have responded.  Defendants state that Monsanto's patent at issue, U.S. Patent No. 5,352,605 (referred to as "'605") is being reexamined by the United States Patent and Trademark Office.  Defendants argue that if this patent is found invalid, Monsanto's claims as to this patent would necessarily fail.

Plaintiffs claim that granting a stay will not simplify any issues or the trial as it has two distinct claims: patent infringement and breach of contract.  Plaintiffs claim that the prosecution of these claims will be made on the same core set of evidence.  Accordingly, even if Monsanto's '605 patent rights are lost, the contract claim against the Defendants will still require a trial.

When considering whether to stay patent infringement litigation pending a reexamination of the patent in suit, courts generally examine three factors, including "(1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether discovery is

complete and whether a trial date has been set." *Xerox Corp. v. 3 Com Corp.*, 69 F.Supp.2d 404, 406-07 (W.D.N.Y.1999).  The Court finds, upon examination of these factors, that a stay is not warranted.  This case has been ongoing since November, 2004.  The parties have engaged in extensive discovery; the discovery deadline has passed; dispositive motions have been filed and decided by the Court, and the case is set for trial in approximately 40 days.  Further, a stay of the case will not simplify the issues for trial based upon Plaintiffs' breach of contract claim which is based on the same set of facts as the patent infringement claim.  Finally, a delay in the trial could prejudice Plaintiffs as delays increase the risk that witnesses' memories will fade.

Accordingly,  Defendants' motion to stay, docket # 174 is DENIED.

IT IS SO ORDERED this 3rd day of October, 2007.

_____
James M. Moody
United States District Judge