**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION**

**MONSANTO COMPANY and
MONSANTO TECHNOLOGY LLC.**                                       **PLAINTIFFS**

V.                          NO.  2:04CV00208

**JOE KYLE a/k/a JOEY KYLE,
BILLY KYLE a/k/a BROTHER KYLE
a/k/a BROTHER BILLY KYLE, JOE-CO;
J & B AG, INC.; and
J & C AG, INC.**                                                  **DEFENDANTS**

**ORDER**

Pending is Plaintiffs' motion to try this action in Little Rock, Arkansas or in the alternative to transfer venue to the Western Division of the Eastern District of Arkansas.  (Docket # 179).  Defendants have responded and object to Plaintiffs' motion.

Plaintiffs correctly state that 28 U.S.C. §1393, which required (among other things) that suit against a defendant be brought in the division of the defendant's residence, was repealed in 1988 as part of the Judicial Improvements and Access to Justice Act.  However, the repeal of Section 1393 was "not for the purpose of prohibiting divisional venue, but rather not requiring it." *Jordon v. Bowman Apple Products Co., Inc*., 728 F. Supp. 409 (W.D.Va., 1990).

28 U.S.C. §1404(a) governs the ability of a federal district court to transfer a case to another district or division. This provision reads: "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a) (1996). The statutory language reveals three general categories of factors that courts must consider when deciding a

motion to transfer: (1) the convenience of the parties, (2) the convenience of the witnesses, and (3) the interests of justice. *Terra Intern., Inc. v. Mississippi Chemical Corp.*, 119 F.3d 688, 691 (8th Cir. 1997), citations omitted. In applying these factors to the facts of this case, the Court finds that the convenience of the parties, witnesses and the interest of justice do not compel the transfer of this action to the Western division of the Court.

Accordingly, Plaintiffs' motion, docket # 179, is denied.

IT IS SO ORDERED this 30th day of October, 2007.

*/s/ James M. Moody*
James M. Moody
United States District Judge